UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NYDIA I. QUINTANA,

    Plaintiff,

v.

                        Case No. 3:16-cv-952-J-34JBT

USAA CASUALTY INSURANCE
COMPANY,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On July 26, 2016, Defendant USAA Casualty Insurance Company (USAA) filed Defendant USAA Casualty Insurance Company's Notice of Removal (Doc. 1; Notice), removing this case from the Circuit Court, Fourth Judicial Circuit in and for Duval County,

Florida. See Notice at 1. In the Notice, USAA asserts that this Court has jurisdiction over the instant action pursuant to 28 U.S.C. §§1332 and 1441 because the amount in controversy exceeds $75,000.00, and the action is between citizens of different states. See id. ¶ 2. Specifically, USAA asserts that Plaintiff Nydia I. Quintana (Quintana), an individual, is a citizen of Florida and that USAA, a corporation, is a citizen of Texas, where it is incorporated and has its principal place of business. See id. ¶¶ 4–6. However, USAA has failed to allege sufficient facts to establish that the amount in controversy exceeds $75,000.00.[1]

"Where the plaintiff has not plead a specific amount of damages . . . the defendant is required to show . . . by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." Kirkland, 243 F.3d at 1281 n.5; see also Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). In such a case, "removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Pretka, 608 F.3d at 754 (quoting Williams, 269 F.3d at 1319) (alterations in Pretka); see also Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000). If "not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Pretka, 608 F.3d at 754 (quoting Williams, 269 F.3d at 1319); see also Sierminski, 216 F.3d at 949.

The Court may not speculate or guess as to the amount in controversy. See Pretka, 608 F.3d at 752. However, "when a removing defendant makes specific factual allegations

---

[1] When a case is removed from state to federal court, the removing party bears the burden of establishing that federal jurisdiction exists. See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations," reliance on such reasoning to establish jurisdiction "is not akin to [impermissible] conjecture, speculation, or star gazing." Id. at 754.  All that is required is that a removing defendant show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. See id. at 752.  At this stage of the proceedings, based on the Court's review of the Complaint, it is not facially apparent that the amount in controversy exceeds the $75,000.00 jurisdictional amount.  See 28 U.S.C. § 1332(a)(1); see also generally Complaint (Doc. 2).

"If a district court cannot determine the amount of controversy from the face of the complaint, it should consider the allegations in the notice of removal and any summary judgment type evidence that the amount in controversy exceeds $75,000.00." Dutton v. State Farm Mut. Auto. Ins. Co., No. 6:09-cv-1057-Orl-31DAB, 2009 WL 2985685, at *2 (M.D. Fla. Sept. 15, 2009).  Quintana alleges in the Complaint that this action is for "damages in excess of $15,000.00 exclusive of interest and costs." See Complaint ¶ 1.  In the Notice, USAA asserts that the amount in controversy exceeds $75,000.00 because the insurance policy at issue "provides coverage in the amount of $150,000.00," and because Quintana demanded $150,000.00 to settle her claim and asserted that her damages are far in excess of $25,000. See Notice ¶¶ 7–9.

> What [a settlement offer] counts for [ ] depends on the circumstances. Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide "specific information . . . to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [his] claim" and are entitled to more weight.

3

Mark v. Wood Haulers, Inc., No. CA 09-0706-CG-C, 2009 WL 5218030, at *9 (S.D. Ala. Dec. 31, 2009) (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (alterations in Mark); see also McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008) (stating that a proposed settlement amount is relevant evidence of the amount in controversy if it appears to reasonably estimate the claim) (citing Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002)).  The only facts presented to the Court regarding Quintana's injuries derive from Quintana's demand letter to USAA and her Civil Remedy Notice, which reveal that Quintana is alleged to have "L3-4 posterior disc herniation and L4-5 disc bulging," requiring treatment to include "lumbar fact injections,"[2] and physical therapy.  See Notice ¶ 10, Exhibit C (Doc. 1-3) at 2.  The Court is not presented with any information as to the cost of these injections, the number of injections required, or the costs or extent of the physical therapy prescribed.  Without more information, the Court cannot discern whether Quintana's demand for the $150,000.00 policy limit amounts to a reasonable assessment of the value of the claim or is more akin to mere "puffing and posturing."  See Jeffers v. State Farm Mut. Auto. Ins. Co., No. 3:09-cv-1097-J-34JBT, slip op. at 11–13 (S.D. Fla. July 16, 2010); see also Collins v. GEICO Gen. Ins. Co., No. 8:16-cv-280-T-24-MAP, 2016 WL 890089, at *2, n.3 (M.D. Fla. March 9, 2016) ("Most of the reported cases within the Middle District of Florida appear to conclude that CRNs are not sufficient evidence of the amount in controversy unless there is also specific information to support the amount demanded in the CRN.").

---

[2] In Quintana's demand letter, attached as Exhibit B to the Notice, counsel alleges that Quintana "has received Lumbar Epidural Steroid Injections." See Notice, Exhibit B (Doc. 1-2), at 1. The Court is unable to discern whether these injections are the same "Lumbar Facet Injections" referred to in Quintana's Civil Remedy Notice. See Notice, Exhibit C (Doc. 1-3), at 2.

4

Thus, while the demand may indicate that the amount in controversy <u>potentially</u> exceeds $75,000.00, it does not demonstrate "by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." <u>See</u> <u>Kirkland</u>, 243 F.3d at 1281 n.5; <u>see</u> <u>also</u> <u>Pretka</u>, 608 F.3d at 752. "[W]ithout facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the stars'—only through speculation—and that is impermissible." <u>Pretka</u>, 608 F.3d at 753–54 (third alteration in original) (quoting <u>Lowery v. Ala. Power Co.</u>, 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). As such, USAA has failed to provide the Court with sufficient information for the Court to determine whether it has jurisdiction over this action.

Accordingly, it is **ORDERED:**

Defendant USAA Casualty Insurance Company shall have up to and including **August 18, 2016** to file an amended notice of removal demonstrating that the Court has subject matter jurisdiction over this case.

**DONE AND ORDERED** in Jacksonville, Florida, this 3rd day of August, 2016.

MARCIA MORALES HOWARD
United States District Judge

lc20

Copies to:

Counsel of Record